UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                        Case No. 2:96-cr-15-FTM-99

TIMMY BENITEZ
_____

## **OPINION AND ORDER**

This matter is before the Court on Defendant's Motion for Retroactivity of Amendment 706 (Doc. #725), filed on June 13, 2008. Defendant seeks a reduction in his sentence in light of Amendment 706 to the United States Sentencing Guidelines, which reduces the base offense level for cocaine base (crack cocaine) offenses by two levels.

In an Order (Doc. #728) filed on June 19, 2008, the Court appointed the Federal Public Defender's Office to represent defendant, ordered a supplemental presentence report from the U.S. Probation Office, and directed responses to the supplemental presentence report. The supplemental presentence report determined that defendant was not eligible for a sentence reduction under Amendment 706. The United States filed its Response (Docs. ## 761, 762) agreeing that defendant is not eligible under Amendment 706 because defendant was held accountable for more than 4.5 kilograms of cocaine base, and therefore application of the amendment does not lower his Sentencing Guidelines range. Defendant filed a Response (Doc. #760) asserting he was not held accountable for more than 4.5 kilograms of cocaine base, and therefore is eligible for a sentence reduction under Amendment 706.

**I.**

Title 18 U.S.C. § 3582(c) gives the court discretionary authority to reduce the term of imprisonment portion of a defendant's sentence under certain circumstances. Section 3582(c)(2) provides in pertinent part:

> (c) The court may not modify a term of imprisonment once it has been imposed except that -
> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The relevant United States Sentencing Guidelines (U.S.S.G.) policy statement is U.S.S.G. § 1B1.10, as amended by Amendment 713 and effective March 3, 2008.

Reading 18 U.S.C. § 3582(c)(2) in conjunction with U.S.S.G. § 1B1.10(a)(1), the general requirements a defendant must establish to be eligible for a reduction of the term of imprisonment are: (1) Defendant had been sentenced to a term of imprisonment; (2) the term of imprisonment was based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o); (3) defendant is still serving the term of imprisonment; and (4) the amendment to the Sentencing Guidelines has been made retroactive by being listed in U.S.S.G. § 1B1.10(c).[1]

---

[1] United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).

Even if generally eligible for a reduction in the term of imprisonment, a defendant must show that a reduction is consistent with the policy statement in U.S.S.G. § 1B1.10. A reduction of a term of imprisonment is not consistent with the Sentencing Guidelines policy statement, and therefore is not authorized by § 3582(c)(2), if the retroactive amendment does not have the effect of lowering defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B).

As a result of Amendment 706, base offense level 38 now applies to an offense involving 4.5 kilograms or more of crack cocaine, while base offense level 36 applies to an offense involving at least 1.5 but fewer than 4.5 kilograms of crack cocaine. U.S.S.G. § 2D1.1(c)(1). Thus, the base offense level for a sentence based on 4.5 kilograms or more of crack cocaine remains unchanged after Amendment 706. U.S.S.G. App. C, Amend. 706; United States v. Jones, 548 F.3d 1366 (11th Cir. 2008). The Court properly relies upon the drug quantity found at the original sentencing, and does not recalculate the amount for purposes of the Section 3582(c)(2) motion. United States v. Walker, No. 08-12264, 2008 WL 5007201 (11th Cir. Nov. 24, 2008); United States v. Harris, No. 08-11431, 2009 WL 368321 (11th Cir. Feb. 17, 2009).

## II.

Defendant Benitez pled guilty to conspiracy to possess with intent to distribute an unspecified quantity of crack cocaine, as

3

charged in a First Superceding Indictment. The factual basis in the Plea Agreement was silent as to the quantity of cocaine base attributed to defendant Benitez. (See Doc. #180.) The Presentence Report, using a rough method of estimating drug quantity collectively for all of the defendants in the conspiracy, determined that there was a total distribution of 53 kilograms of cocaine base by all defendants over the life of the conspiracy. (See Presentence Report, ¶ 19.)

The Presentence Report described defendant Benitez's participation in the conspiracy beginning in early 1993, his association with co-conspirator Miguel Rodriguez, his development of his own sources, his supervision of others, and his distribution of cocaine base into January, 1996. (See id. at ¶¶ 20-41.) The Presentence Report found that Benitez was a manager or supervisor in a criminal activity involving five or more participants or was otherwise extensive (see id. at ¶ 62). The Presentence Report found that Benitez "sold well over 1.5 kilograms of cocaine base during his participation in the instant offense," (id. at paragraph 21) which at the time was the threshold amount for Level 38, the highest base offense level on the drug chart.

Defendant initially objected to his role enhancement, but withdrew the objection at the sentencing hearing. (See Docs. ## 476, 806, pp. 3-4.)[2] No factual objections were raised by defense

---

[2]The transcript was filed as both Doc. #476 and Doc. #806.

counsel, (see id. at p. 9), and the sentencing judge adopted the facts set forth in the Presentence Report (see id.). The sentencing judge determined that defendant's Total Offense Level was 41 (38, plus a 3 level enhancement for role in the offense), his Criminal History Category was I (after a downward departure for over-representation of criminal history), and his Sentencing Guidelines range was 324 to 405 months. (See id. at pp. 7-9.) Defendant was sentenced to 324 months imprisonment.

As the Presentence Report correctly stated, a defendant is accountable not only for his own acts but for the acts of others, undertaken in furtherance of jointly undertaken criminal activity, which were reasonably foreseeable to the defendant. (See Presentence Report, ¶ 57; U.S.S.G. §§ 1B1.3(a)(1)(A) & (B).) "[T]o determine a defendant's liability for the acts of others, the district court must first make individualized findings concerning the scope of criminal activity undertaken by a particular defendant. Once the extent of a defendant's participation in the conspiracy is established, the court can determine the drug quantities reasonably foreseeable in connection with that level of participation. If the court does not make individualized findings, the sentence may nevertheless be upheld if the record supports the amount of drugs attributed to a defendant." United States v. Ismond, 993 F.2d 1498, 1499 (11th Cir. 1993) (internal citations omitted).

Here, the sentencing judge determined that Benitez was a

5

manager or supervisor in the charged conspiracy, that Benitez was personally responsible for the distribution of well over 1.5 kilograms of cocaine base, and that the conspiracy distributed over 53 kilograms of cocaine base. Given the facts set forth in the Presentence Report, to which there was no objection by defendant, the Court concludes that defendant Benitez was held accountable for at least 4.5 kilograms of cocaine base, and is therefore not eligible for a sentence reduction under Amendment 706. No other legal basis exists for a sentence reduction under § 3582(c). See, e.g., United States v. Melvin, No. 08-13497, 2009 WL 236053 (11th Cir. Feb. 3, 2009).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

Defendant's Motion for Retroactivity of Amendment 706 (Doc. #725) deemed a motion to reduce sentence under 18 U.S.C. Section 3582(c)(2), is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this   4th   day of March, 2009.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
U.S. Probation