UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                           2:96-cr-15-FtM-29DNF

TIMMY BENITEZ
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion for Modification of Sentence Pursuant to Title 28 U.S.C. 3582(c)(2) (Doc. #892) filed on April 5, 2012. Defendant seeks a reduction of his sentence pursuant to Amendment 750 of the U.S. Sentencing Guidelines (U.S.S.G.), made retroactive by Amendment 759.

Under § 3582(c)(2), a district court has the authority to modify a defendant's term of imprisonment if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)." 18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1). As the Eleventh Circuit has found in this case, defendant was held accountable for 53 kilograms of cocaine base, and his base offense level was 38 (Doc. #856, p. 3.) After Amendment 750, a quantity of 8.4 kilograms or more of cocaine base results in a base offense level of 38. U.S.S.G. § 2D1.1, Drug Quantity Table. Since the base offense level has not changed, defendant's sentencing range has not been lowered by Amendment 750, and he is not eligible for a sentence reduction under § 3582(c)(2).

Accordingly, it is now

**ORDERED**:

Defendant's Motion for Modification of Sentence Pursuant to Title 28 U.S.C. 3582(c)(2) (Doc. #892) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __24th__ day of April, 2012.

_/s/ John E. Steele_
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
Timmy Benitez